

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.1:06-CR-37 |
| | § | |
| JOEL THOMAS WIGGINS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Joel Thomas Wiggins, violated conditions of supervised release imposed by United States District Judge Walter J. Gex, III, of the Southern District of Mississippi. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* [Clerk's doc. #22] requesting the revocation of Defendant's supervised release. The Court conducted a revocation hearing on December 10, 2008, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present

and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October 6, 2004, The Honorable Walter J. Gex III, United States District Judge for the Southern District of Mississippi, sentenced Defendant, Joel Thomas Wiggins, after he pled guilty to the offense of interstate travel in aid of an unlawful activity, a Class D felony. Judge Gex sentenced Defendant to twenty-four (24) months imprisonment to be followed by a three (3) year term of supervised release. The imposed term of supervision was subject to the

standard conditions of release plus special conditions to include drug aftercare; financial disclosure; and a $100 special assessment.

On March 17, 2006, jurisdiction over this criminal proceeding was transferred from the Southern District of Mississippi to the Eastern District of Texas. Mr. Wiggins' case is assigned to the docket of United States District Judge Ron Clark.

On April 28, 2006, the Court ordered the revocation of Defendant's supervised release after he was found in violation of his supervision in that he used a controlled substance. As a result of this violation, he was ordered to serve 8 months imprisonment, followed by a 2-year term of supervised release, subject to the same conditions as previously ordered in the original criminal conviction by Judge Gex.

On June 27, 2007, the Court modified Mr. Wiggins' conditions of supervised release to include a condition requiring the defendant to abstain from using any alcohol beverages while serving his term of supervised release. On March 13, 2008, the terms of supervised release were again modified, to include a requirement that the defendant perform 25 hours of community service. On July 30, 2008, the Court authorized another modification to the defendant's conditions, requiring him to reside in and participate in the community corrections component of a Residential Reentry Center, as instructed, until successfully discharged by the center director, but no longer than 120 days from admission.

**B. Allegations in Petition**

The United States alleges that Defendant violated the following special condition of supervised release:

*The offender shall reside in and participate in the community corrections component of a Residential Reentry Center, as instructed, until successfully discharged by the center director, but no longer than 120 days from admission. You shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Community Corrections Center.*

Specifically, the petition alleges that the defendant reported to Leidel Halfway House, Houston, Texas, on August 21, 2008. On September 3, 2008, the defendant absconded from the facility.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would establish that on July 30, 2008, Mr. Wiggins' term of supervision was modified to include the condition that he reside in and participate in the community corrections component of a Residential Reentry Center, as stated in the petition. The Government would further present evidence showing that Mr. Wiggins reported to the Leidel Halfway House on August 21, 2008. However, on September 3, 2008, he absconded from Leidel Halfway House before being successfully discharged and before completing his 120 day term in the facility as required by the conditions of his supervised release.

Defendant, Joel Thomas Wiggins, did not object to the evidence presented and agreed with the Government's proffer of proof. Mr. Wiggins, therefore, pled true to the allegation that he absconded from the Residential Reentry Center in violation of his supervised release.

### D. Sentencing Guidelines and Findings

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by absconding from Leidel Halfway House, a Residential Reentry Center..

If the Court finds that Mr. Wiggins violated his supervision conditions by absconding from the Residential Reentry Center, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Mr. Wiggins' criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3). As referenced above, Mr. Wiggins' original term of supervision was previously revoked on April 28, 2006, and he served a term of eight (8) months in custody for that revocation. Accordingly, the maximum term of imprisonment upon revocation in this case is capped at sixteen (16) months. The Court would further note that Mr. Wiggins' current term of supervised release was due to expire on November 25, 2008.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United*

*States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Mr. Wiggins committed a Grade C violation of his supervision conditions by absconding from the Residential Reentry Center. Mr. Wiggins knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **two (2) months imprisonment**, as agreed to by the parties. The Court finally recommends that Mr. Wiggins receive no further supervision term upon his release.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 11st day of December, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE